IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN OVERSIGHT, ) <br> ) <br> *Plaintiff*, ) <br> ) <br> v.  ) <br> ) <br> U.S. DEPARTMENT OF EDUCATION, ) <br> ) <br> *Defendant*. ) <br> ) | Case No. 17-1247 (TSC) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION FOR EXTENSION OF TIME**

Plaintiff American Oversight respectfully opposes Defendant Department of Education's (Education) Motion for Extension of Time.[1]

1. **The FOIA statute is designed to promote early judicial engagement.** When it enacted the Freedom of Information Act (FOIA), Congress provided clear timelines for agencies to make determinations on records requests: 20 business days under ordinary circumstances and 30 business days under "unusual circumstances."[2] Congress further provided that requesters are deemed to have exhausted their administrative remedies and can seek judicial review when

---

[1] Defendant contacted Plaintiff on Wednesday, September 13 to request consent for a further extension. For the reasons outlined in this opposition, and because counsel for Defendant had not obtained information Defendant had agreed to provide Plaintiff as a condition of Plaintiff's consenting to the two earlier extensions, Plaintiff indicated that it would not consent to the extension. Nonetheless, Defendant waited until the end of the business day Friday to file its motion—limiting Plaintiff's opportunity to review Defendant's motion and respond timely with the basis for its opposition—and failed to note Plaintiff's stated opposition to its motion for an extension, as Defendant had assured Plaintiff it would do.

[2] 5 U.S.C. § 552(a)(6)(A)(i), (B)(i)

agencies fail to comply with these timelines.[3] Finally, Congress provided that federal defendants would have only 30 days to answer FOIA complaints rather than the usual 60 days afforded the federal government, and imposed a deadline that could only be extended for "good cause."[4] Collectively, these provisions show the importance Congress placed on ensuring timely oversight by the federal courts of agencies' compliance with their FOIA obligations.

2. **A third extension for Defendant will only further delay judicial oversight.** Plaintiff filed its Complaint in this case on June 26, 2017, service was effected for all parties by July 3, and the Answer was originally due on August 2. Compl., ECF No. 1. In an effort to accommodate Defendant and notwithstanding Plaintiff's interest in obtaining this Court's supervision of Education's compliance with FOIA's requirements at soon as possible, American Oversight consented to two extensions of time for Defendant to file its Answer: a first extension of more than five weeks, until September 8, and a second extension of an additional week, until September 15. Consent Mot. for Extension of Time to File Resp./Reply, ECF No. 8; Consent Mot. for Extension of Time to Answer Compl., ECF No. 9. By the current deadline, Defendant will have had 11 weeks since the Complaint was served—and 22 weeks since American Oversight first submitted its FOIA requests—to gather sufficient information to submit its Answer or other responsive pleading. Compl. ¶¶ 12, 18, ECF No. 1.

3. **Defendant's justifications for a third extension argue *for* immediate judicial oversight, not further delay.** In requesting a third extension of time, counsel for Education

---

[3] 5 U.S.C. § 552(a)(6)(C).

[4] *Compare* 5 U.S.C. § 552(a)(4)(C) ("Notwithstanding any other provision of law, the defendant shall serve an answer or otherwise plead to any complaint made under this subsection within *thirty days after service* upon the defendant of the pleading in which such complaint is made, unless the court otherwise directs for good cause shown.") (emphasis added) *with* Fed. R. Civ. P. 12(a)(2) (generally affording the United States 60 days to serve a responsive pleading).

indicated to American Oversight that Defendant is facing obstacles in producing certain documents to Plaintiff, specifically several documents the White House is holding for review, which were unidentified to Plaintiff's counsel as of Wednesday, September 13, although Defendant's motion now contains some minimal information identifying which records are undergoing political review at the White House. On Wednesday, September 13, counsel for Education also indicated to Plaintiff that there are obstacles to obtaining information that American Oversight specifically requested (and that might reduce the need for supervision by this Court)—such as details about the search methods or parameters used, whether all searches are complete, and Education's anticipated timetables for producing all non-exempt records.[5] Put simply, Defendant's difficulties in providing Plaintiff with concrete information on its efforts to comply with its FOIA obligations or, prior to filing its motion, offering an approximate timeline for releasing certain documents demonstrate why immediate judicial supervision is important.[6]

    4. **Filing an Answer in a FOIA case should not be onerous.** The Complaint contains a sparse twenty-three factual allegations related to the parties, jurisdiction, the FOIA requests at issue, and their processing as of the date the Complaint was filed. It contains four standard FOIA

---

[5] As of discussions with Plaintiff on September 13, Defendant noted that it anticipated an additional production the week of September 18 but did not offer any approximate timeline for completing production. Defendant's motion is the first Plaintiff is seeing of Defendant's proposed schedule, despite Plaintiff's earlier requests for this information in connection with Defendant's request for consent to this third extension. In filing this opposition, Plaintiff does not intend to endorse Defendant's characterization of the completeness or adequacy of production to date or of the ultimate production outlined in Defendant's motion.  As these asserted facts are not relevant to whether good cause exists to extend Defendant's time to answer, this is not the appropriate forum to address the adequacy of Defendant's search and production.

[6] As of counsel's conversation with counsel for the Defendant on Wednesday, September 13, the Defendant's counsel was unable to provide any information about the timeline for release of records undergoing White House review.  Defendant's motion now provides a "hopeful" timeline for the completion of this review.  Regardless, this speculative schedule provides no basis to delay Defendant's obligation to answer or file another responsive pleading, a responsibility that does not turn on Defendant completing its processing of responsive records.

counts requesting relief. The information required to respond to these allegations is minimal; eleven weeks should be far more than sufficient for the Defendant to file a responsive pleading. Moreover, while American Oversight appreciates Defendant's document productions to date and ongoing efforts to produce more records, drafting the Answer does not require the agency to have finished processing documents responsive to American Oversight's request, nor should it meaningfully interfere with ongoing disclosure of documents that have been processed.

5. **American Oversight is not aware of any compelling circumstances that support further extending the deadline for Education to file its Answer**. The reasons advanced in Education's motion for seeking an extension relate to completion of processing its response to the FOIA request and not to the gathering of information necessary to answer the complaint, and in any event, fall far short of the "good cause" required by the FOIA statute.[7] Education's inability to complete its processing of its response to the FOIA request prior to the deadline to file a responsive pleading is simply not relevant to its obligation to answer the complaint. Indeed, counsel's representation that White House consultations were delaying Education's final determination regarding undefined portions of the responsive records, and counsel's inability to provide a definitive end date for those consultations, makes plain the importance of initiating judicial supervision of Education's processing of the FOIA request.

For the reasons set forth above, American Oversight opposes further delay in the filing the Answer or in proceeding with this Court's supervision of Education's compliance with its FOIA obligations. American Oversight respectfully asks the Court to require Defendant to file its Answer by September 15, 2017, and to set a date soon thereafter for a status conference.

---

[7] *See* 5 U.S.C. § 552(a)(4)(C).

Dated: September 15, 2017 Respectfully submitted,

*/s/ Elizabeth France*
Elizabeth France
D.C. Bar No. 999851
Sara Kaiser Creighton
D.C. Bar No. 1002367
John E. Bies
D.C. Bar No. 483730
AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 869-5246
beth.france@americanoversight.org
sara.creighton@americanoversight.org
john.bies@americanoversight.org
*Counsel for Plaintiff*