# Exhibit A

**From:** **Beth France** beth.france@americanoversight.org
**Subject:** 17-1247: American Oversight v. Department of Education
**Date:** October 2, 2017 at 2:04 PM
**To:** wyneva.johnson@usdoj.gov

Good afternoon,

I wanted to touch base about the recent productions in this case and your plans for this week.

First, are you planning to file an answer or other responsive pleading by Wednesday at 3 PM?

Second, we would appreciate a walk through of the the searches used to arrive at the productions, how Education has reached the conclusion that production is complete, clarification around some documents that appear to be missing, and the analysis behind some recurring categories of redactions. We're happy to resolve these questions via email or by setting up one or more phone calls, depending on your preference.  I have included an initial set of questions as an attachment to this email.

Best,

Beth France
Counsel
American Oversight
foia@americanoversight.org | 202.869.5246



17-1247 - Initial Questi...).docx

American Oversight v. U.S. Department of Education, 17-1247

**Initial Questions from American Oversight to the
Department of Education Regarding Document Productions
Dated 8/22/2017, 9/12/2017, 9/18/2017, and 9/21/2017**

**Searches, Production Format, & Missing Documents**

- For all calendars:
    - American Oversight requested calendars in "memo" format, showing all attendees, notes, and attachments. The calendars been produced in another format, which does not appear to indicate invitees or attendees in many cases. Is there a reason that this production format is used, and is Education denying American Oversight's request for the calendars in memo or an equivalent format?
    - There are icons reflecting attachments in some entries, but the attachments themselves have not been produced as requested.
        - Is Education withholding the attachments? If so, on what basis?
        - Does the production format used show icons in all cases where there were attachments in the calendar entry? That is, do the records produced at a minimum allow American Oversight to see every entry that included one or more attachments, even if the attachment has not yet been produced?
- For request 17-01479:
    - How was the list of political/SES appointees identified?
    - How were the calendars collected and reviewed?
    - What timeframes were used for deciding what to include from the different calendars? I noticed that the end dates varied. For example, the Oberlies calendar ends in April, while the St. Pierre calendar goes through July.
    - I have not seen phone logs responsive to part 2 of the request. What searches have been conducted to identify responsive records reflecting phone calls?
    - In Secretary DeVos's calendars, several days are missing. Why are these days not included in the production set? Will Education provide calendars for these days? Examples include:
        - 2/9 - p. 2
        - 2/24 - p. 14
        - 3/31 - p. 132
        - 4/14 - p. 158
        - 5/19 - p. 223
        - 5/26 - p. 236
        - 6/9 - p. 263
        - 6/30 - p. 303
        - 7/1-7/7 - p. 303
        - 7/14 - p. 318
- For request 17-01480:
    - What searches or collection methods were used for each subpart of the request?
    - Which subparts of the request were the records produced on 9/12/2017 produced in response to (the file named OS Responsive Docs 17-01480-F Evers REDACTED.pdf)?

**American Oversight v. U.S. Department of Education, 17-1247**

- If the records requested on 9/12/2017 were not produced in response to all of the subparts, is Ed's position that it has conducted an adequate search for the remaining subparts and identified no responsive records?
    - For example, I have not seen phone logs or ethics waivers so far in my review.
- I have not so far identified Taylor Hansen's calendars (requested in subpart 1) in the productions we have received. Could Education please indicate where those calendars are (production date/file name/starting page number) or clarify why his calendars are not included in the productions and whether they will be provided in a supplemental production?
- The affidavit of Deborah Winters indicates that the documents responsive to this request included 110 pages. The file produced on 9/12 contained 105 pages. Are the remaining 5 pages being withheld? If so, on what basis?

**Redactions**

We can have a more extensive conversation about redactions at a later time, but we would appreciate beginning that process with clarification on a few major categories, for which I've identified some representative examples.

- There are several places where full documents are withheld or where large blocks of text have been redacted under (b)(5), where it is difficult for us to confirm that the underlying content is pre-decisional and deliberative. Could Education provide high level descriptions of the type of material redacted for some of these as a starting point for further discussion? Some examples include:
    - 9/12/2017 Production "OS Responsive Docs 17-01480-F Evers REDACTED": pp 2-3, 25-33, 36-38, 45, 48-54, 55-87, 103-105
    - 9/12/2017 Production "Calendars REDACTED": pp 10, 20-21, 35, 73-74234-235
    - 9/21/2017 Production "DeVos": pp. 20, 24,44, 106, 110, 124, 129-130, 151, 296, 305
- There are several places where meeting topics or agendas appear to be redacted, including either in the subject line of the entry or where there are very short (b)(5) redactions that appear to cover only the topic for discussion. Can Education clarify type of content redacted in these cases and the basis for concluding that content is pre-decisional and deliberative? Some examples include:
    - 9/12/2017 Production "Calendars REDACTED": pp 35, 38, 45, 56-58, 92, 148, 265, 318, 323
    - 9/21/2017 Production "DeVos": pp. 4, 6, 44, 90, 134, 203-204, 226, 320, 323
- There are several places where it looks like attachment icons have been redacted. Can Education confirm that that is the case and, if so, clarify its basis for concluding that the document titles are exempt under (b)(5)?
    - 9/12/2017 Production "Calendars REDACTED": pp 128, 199-200, 272, 301
    - 9/21/2017 Production "DeVos": pp. 172, 197, 244, 257

**American Oversight v. U.S. Department of Education, 17-1247**

- There are several places where content has been withheld under (b)(5) even though individuals who are not federal executive branch employees are included on them or they involve meetings with individuals outside the government. Can Education clarify its basis for asserting (b)(5) in these cases? Examples include:
    - 9/12/2017 Production "Calendars REDACTED": pp 22, 65, 166, 205, 209, 329
- There are cases where meeting times are redacted under (b)(5). Can Education clarify what about this material is pre-decisional and deliberative? For example, 9/12/2017 Production "Calendars REDACTED" p. 350.
- There are cases where the name of the individual participating in a meeting is entirely redacted or when the whole email address is redacted, including the personal portion and the domain extension. We do not object to redactions necessary to protect email addresses, but we would appreciate clarification on the identities of these people and the email domains they are using or on how the identities of the individuals or the organizations they are affiliated with are exempt under either (b)(5) or (b)(6). Examples include:
    - 9/12/2017 Production "Calendars REDACTED": 32, 76, 148, 162, 171, 192, 193, 318, 323
    - 9/21/2017 Production "DeVos": pp. 12-13, 28, 60, 65, 69-74, 87-89, 108, 13, 139, 142, 148, 158, 164-165, 178, 218, 225, 227, 235, 240-241, 243-245, 248-249, 251, 253, 263, 265, 270, 275, 277, 279, 283, 285-286, 291, 296, 300, 302-304, 306, 313-314, 317, 323