IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN OVERSIGHT, <br><br> *Plaintiff*, <br><br> v. <br><br> U.S. DEPARTMENT OF EDUCATION, <br><br> *Defendant*. | Case No. 17-1247 (TSC) |

## JOINT STATUS REPORT

Defendant, the U.S. Department of Education ("Department" or "Agency"), by and through its designated attorney, and Plaintiff, American Oversight ("Plaintiff"), through its attorneys respectfully submit this Joint Status Report pursuant to the Court's January 19, 2018 Minute Order. In that order, the Court directed Defendant to meet and confer with Plaintiff on January 26, 2018 and on February 28, 2018 and directed the parties to file a joint status report by March 16, 2018.

Based on discussions between the parties, Defendant has made certain supplemental productions of records in this Freedom of Information Act ("FOIA") case.

### MEETINGS BETWEEN THE PARTIES

1. The parties met on January 25, 2018 to discuss, among other topics, questions Plaintiff had submitted to Defendant in October 2017, including Plaintiff's concerns regarding the format in which Defendant had initially produced calendars requested by Plaintiff. Plaintiff identified an "intermediate" production format used by another federal agency and proposed that reproduction of the requested calendars in that format would be an acceptable compromise. The Department later confirmed that it could produce calendars in that format.

2.      Following that meeting, the Plaintiff identified eight calendars for priority reproduction in this intermediate format, and the Defendant confirmed that it would provide previously undisclosed calendars for twelve former political appointees in "memo" format. The parties agreed to defer discussion of the necessity of further reproduction in the intermediate format for additional custodians until after American Oversight received and reviewed these supplemental productions.

3.      During a telephone meeting on February 14, 2018 and by subsequent emails, the parties agreed to a production timeline for these calendars.

4.      On February 28, 2018, the parties met to discuss the questions the Plaintiff had provided to Defendant by email in October 2017, focusing primarily on a sample of disputed redactions and withholdings.

## SUPPLEMENTAL PRODUCTIONS

5.      On March 6, 2018, the Department reproduced calendars in the compromise intermediate format for the eight custodians American Oversight had identified as its top priority custodians and produced Taylor Hansen's calendar, which had not been produced previously.

6.      On March 13, 2018, the Department produced calendars for eleven other former political appointees.

## STATUS OF REQUESTS

**FOIA Request 17-01479-F**

7.      Defendant has advised the Plaintiff that it has completed its search of records responsive to FOIA request 17-01479-F. Defendant conducted a search for the period of February 6, 2017 through July 19, 2017.

8. On January 25, 2018, the Department provided the Plaintiff with information about office and mobile phone records and advised the Plaintiff that the Department does not possess a reliable mechanism for producing the requested information.

9. As a result of the January 25, 2018 meeting and subsequent discussions, Defendant produced the following eight calendars in the intermediate format on March 6, 2018:

- DeVos
- Venable
- Simmons
- Lee
- Eitel
- Ventimiglia
- Botel
- Manning

10. The Defendant produced the calendar of Robert Eitel in the intermediate format and the calendar of Taylor Hansen in memo format with attachments on March 6, 2018.

11. The Defendant produced calendars of eleven former political staff members with attachments on March 13, 2018.

**FOIA Request 17-01480-F**

12. On September 11, 2017 (i.e., Production II), the Department produced documentation relating to the recusals of Robert Eitel and Taylor Hansen.

13. On January 25, 2018, the Department provided the Plaintiff with information about office and mobile phone records and advised Plaintiff that the Department does not possess a reliable mechanism for producing the requested information.

14. On January 25th, the Department advised American Oversight that any information sought from Robert Eitel's Public Disclosure Form 278 would have to be obtained via the procedures outlined in 5 CFR Part 2606. The Defendant advised the Plaintiff that

because Taylor Hansen did not complete a Form 278 prior to his departure, no additional records were available.

15. On March 6, 2018, Department reproduced calendars for Robert Eitel and produced calendars for Taylor Hansen.

16. With regard to both requests, American Oversight is reviewing the March 6, 2018 and March 13, 2018 productions to assess their completeness, to determine whether supplemental production is necessary for additional custodians, and to identify withholdings and redactions that require further discussion with the Department or may require briefing before the Court. After completing review, American Oversight will advise the Department whether re-production in the compromise format is required for the remaining calendars, or any subset of them, at which point the parties will propose a timeline for supplemental production.

## REDACTIONS AND WITHHOLDINGS

17. The parties discussed example disputed redactions and withholdings at their February 28, 2018 meeting. At that time, the Department indicated that several example redactions American Oversight had identified were under agency review and that the Department expected to reproduce several portions, either unredacted or with revised redactions.

18. For several example redactions where the parties were unable to reach agreement at the February 28, 2018 meeting, the Department agreed to provide American Oversight additional information, in a form similar to a partial *Vaughn* index, to facilitate further discussion and narrowing of the issues before the Court.

19. To the extent this process does not resolve all of Plaintiff's concerns over the scope of Defendant's redactions or withholdings—or to the extent that supplemental productions raise additional issues that cannot be resolved between the parties—Plaintiff intends to challenge

the agency's withholdings, and Defendant would need to provide a *Vaughn* index to accompany its summary judgment briefing.

## PROPOSED SCHEDULE

20. By March 30, 2018, the Department will provide American Oversight with determinations for the disputed redactions the Department advised American Oversight are under internal review and will produce all previously withheld material the Department's review determines is not exempt from disclosure under FOIA.

21. By March 30, 2018, the Department will provide American Oversight with written descriptions of the nature of additional example withholdings and redactions identified at the parties' February 28 meeting.

22. By April 18, 2018, American Oversight will provide the Department with the list of additional custodians, if any, for whom American Oversight seeks reproduction of calendars originally produced in August or September 2017 in a more detailed format. By the same date, American Oversight will provide the Department with its updated position on withholdings and redactions, including responding to the material described in paragraphs 20 and 21 of this status report and identifying novel issues raised by the Department's March 2018 productions.

23. Not later than April 27, 2018, the parties will meet and confer.

24. Not later than May 4, 2018, the parties will submit a status report.

25. The parties' productive meetings in January and February 2018 have facilitated substantial supplemental productions and narrowing of the issues before the Court, and the parties continue to work to resolve remaining issues without dispositive briefing. However, the parties at this time still anticipate that dispositive briefing may be necessary, though they will not be certain—or in a position to propose a briefing schedule—until Plaintiff completes review of

recent supplemental productions and of Defendants' forthcoming determinations and descriptions regarding sample redactions and withholdings.

Dated: March 16, 2018                          Respectfully submitted,

/s/ Elizabeth France
Elizabeth France
D.C. Bar No. 99851
Cerissa Cafasso
D.C. Bar No. 1011003
Sara Kaiser Creighton
D.C. Bar No. 1002367
John E. Bies
D.C. Bar No. 483730
AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 869-5246
beth.france@americanoversight.org
cerissa.cafasso@americanoversight.org
sara.creighton@americanoversight.org
john.bies@americanoversight.org
*Counsel for Plaintiff*


JESSIE K. LIU, D.C. Bar #472845
United States Attorney for the District of Columbia

DANIEL F. VAN HORN, D.C. Bar #924092
Chief, Civil Division

By: */s/ Wyneva Johnson*
WYNEVA JOHNSON, D.C. Bar # 278515
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
Tel: (202) 252-2518
Wyneva.johnson@usdoj.gov
*Counsel for Defendant*